[Civ. No. 35249. Second Dist., Div. Three. Dec. 31, 1969.]

EDWARD J. KIRBY, as Director, etc., Petitioner, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent; SAMUEL J. LOPEZ, Real Party in Interest.

**COUNSEL**

Thomas C. Lynch, Attorney General, and David W. Halpin, Deputy Attorney General, for Petitioner.

Leo K. Gallant for Respondent.

Edward C. Dowd for Real Party in Interest.

**OPINION**

**FEINERMAN, J. pro tem.**\*—This is a review of a decision by the Alcoholic Beverage Control Appeals Board reversing a decision of the Department of Alcoholic Beverage Control ordering revocation of an off-sale beer and wine liquor license.

---

\*Assigned by the Chairman of the Judicial Council.

On June 19, 1968, the department filed an accusation against real party in interest, Samuel J. Lopez, doing business as Kleenway Market. The pertinent portions of the accusation are as follows:

## "COUNT I

"Continuance of the above-designated license would be contrary to public welfare and morals and grounds for suspension or revocation of the license exist within the meaning of Article XX, Section 22, of the California State Constitution and Sections 24200(a) and (d) of the Business and Professions Code, in that respondent/licensee, Samuel J. Lopez, holder of an off-sale beer and wine license, licensed since April 25, 1955, and the holder of the above-designated license since June 19, 1961, has been convicted of a crime involving moral turpitude.

"(a) Between June 1, 1967, and June 30, 1967, Samuel J. Lopez, licensee at the above-designated premises, violated Section 496.1 of the California Penal Code, in that he did buy, receive, conceal and withhold from the owners thereof certain property, to-wit: ladies clothing, which had been stolen, knowing the same to be stolen; and, on or about March 12, 1968, Samuel J. Lopez, licensee at above-designated premises, entered a plea of Nolo Contendere to one count of Section 496.1 of the California Penal Code, was convicted of the crime of receiving stolen property knowing same to have been stolen (496.1 PC) as charged and set forth in an Information filed by the District Attorney, San Diego County, on October 20, 1967, and was fined $1,850.00 and placed on three (3) years probation under the supervision of the Probation Officer of San Diego County."

An administrative hearing was held before a hearing officer of the Office of Administrative Procedure on August 29, 1968. At this hearing various documents were introduced in evidence including certified copies of records of the superior court action conducted in San Diego County in which Lopez had entered a nolo contendere plea to a violation of Penal Code section 496, subdivision 1. Officer Capps of the San Diego Police Department was called as a witness by the department. He testified that he went to the Kleenway Market on August 31, 1967, with three other police officers, to serve an arrest warrant on Lopez. Officer Capps served the warrant on Lopez, advised him of his constitutional rights, and subsequently searched the storeroom area of the store and the living quarters on the second floor of the store building. The articles discovered which were suspected of being contraband were inventoried. Of these articles, all women's wear, approximately 75 percent were identified by employees of Haggarty's Department Store as being the property of that store. Many of the articles contained tags marked: "Haggarty's." Some of the clothing items bore the brand label "Dynasty," an exclusive Haggarty's label.

Lopez, who testified at the hearing on his own behalf, admitted that he had received the merchandise from a person identified only as "Mr. Mc Cutchin." There were four transactions between March and June of 1967. The price paid on the first occasion was $80 for a box containing approximately 45 to 50 blouses, skirts and sweaters. Lopez admitted seeing "a couple of tags on several dresses," but he said that the tags meant nothing to him. Lopez also testified that he had no reason to suspect the clothing had been stolen. On cross-examination Lopez stated that the clothing found in his living quarters had been retained for the personal use of his wife and daughter.

With respect to the first purchase, Lopez testified that McCutchin offered no invoice and that Lopez had made out a bill which McCutchin marked "Paid" but did not sign. The name of the seller, "J & J Jobbers" was placed on the document by Lopez, but no address was inserted thereon. Lopez paid $50 for a second lot which contained some articles with Haggarty's price tag on them. Again, no invoice was offered and a bill prepared by Lopez was marked "Paid" by McCutchin, but it was unsigned as well.

In May or June of 1967, Lopez purchased a third lot of clothing for $50. The same procedures were followed by Lopez and McCutchin with reference to the preparation of a bill. At this point Lopez stated he began to get suspicious, but he made no inquiry of McCutchin as to the source of the merchandise. Lopez paid $50 for a fourth lot in June 1967. No invoice was presented, but McCutchin promised to make out a bill and mark it "Paid" on his next visit. Lopez testified that he did not ask McCutchin for any positive identification. Lopez indicated that he made no further purchases from McCutchin because McCutchin never showed up again.

The articles acquired from McCutchin did not sell very well at Kleenway Market; so Lopez entered into a consignment agreement with a Chuck Owens in Tijuana. The merchandise was transported to Owens in Tijuana, as a favor to Lopez, by customer acquaintances of Lopez. At no time was there any bulk shipment. The shipments were packaged in lots small enough to fit in the back seat of a car.

On September 19, 1968, the department adopted the proposed decision of the hearing officer as its decision. The proposed decision, revoking Lopez' license, was as follows:

"FINDINGS OF FACT:

"COUNT I

"Respondent Samuel J. Lopez has been convicted of a crime involving moral turpitude, as follows:

"Between March, 1967 and June, 1967 respondent, at the above desig-

nated licensed premises, violated Section 496.1, Penal Code of California, in that he bought, received and withheld from the owners thereof certain ladies clothing which had been stolen, with knowledge that said clothing had been stolen. On March 12, 1968 respondent entered a plea of nolo contendere to one count of violating Section 496.1, Penal Code of California (receiving stolen property knowing the same to be stolen), on which plea he was convicted of the offense as charged in an information filed by the District Attorney of San Diego County on October 20, 1967. On April 2, 1968, imposition of sentence on respondent was suspended for three years and respondent was placed on probation to the Probation Officer of San Diego County for three years on conditions, including that he pay a fine of $1500 plus a penalty assessment of $350 on or about April 10, 1968 through the said probation officer. By order dated April 30, 1968 nunc pro tunc April 2, 1968 the offense of respondent was adjudicated a misdemeanor.

"FINDINGS AS TO PREVIOUS RECORD:

"Has held Type 20 license at the above described premises, with a partner from April 25, 1955 to June 19, 1961 and as sole owner since June 19, 1961. Accusation Reg. No. 4442, violation of Section 23402, Business and Professions Code of California and Section 496, Penal Code of California; on October 8, 1964 order of revocation was imposed, with revocation stayed on condition that the license be suspended for sixty days, operative October 22, 1964, and that there be no cause for disciplinary action within three years from October 22, 1964. If cause found during said three year period, the stay of revocation shall be vacated.

"DETERMINATION OF ISSUES PRESENTED:

"Respondent violated and has been convicted of violation of Section 496.1, Penal Code of California. Grounds exist for the suspension or revocation of the license pursuant to the provisions of Article XX, Section 22, California Constitution, and Sections 24200(a) and 24200(d), Business and Professions Code of California. Continuance of the license would be contrary to public welfare and morals.

"PENALTY: The license is revoked."

An appeal was taken by Lopez and on August 11, 1969, the board filed its written decision reversing the decision of the department. It is the opinion of the board that "the department's finding of fact is not supported by substantial evidence in the light of the whole record and that the finding does not support the department's decision." In reaching its conclusion the board decided that a conviction based upon a nolo contendere plea

does not constitute a "plea, verdict, or judgment of guilty to any public offense involving moral turpitude" as provided by section 24200, subdivision (d) of the Business and Professions Code.

Petitioner now contends that the appeals board disregarded substantial evidence in the light of the whole record before the department in support of the findings in the department's decision and in support of said decision; that the appeals board erred in law when it concluded that the plea of nolo contendere was not a plea of guilty to a public offense involving moral turpitude within the meaning of Business and Professions Code section 24200, subdivision (d); and that in determining that the license should not be revoked, the appeals board substituted its discretion for that of the department.

The findings of the Department of Alcoholic Beverage Control must be sustained if they are supported by substantial evidence in the light of the whole record. (Bus. & Prof. Code, § 23090.2, subd. (d).) █ Neither the appeals board nor this court may disregard or overturn a finding of fact of the department because it is considered that a contrary finding would have been equally or more reasonable. █ In determining whether the department's findings are supported by substantial evidence, "we are required to resolve all conflicts in the evidence in favor of the department's decision." (*Big Boy Liquors, Ltd.* v. *Alcoholic Beverage Control Appeals Board,* 71 Cal.2d 1226, 1230 [81 Cal.Rptr. 258, 459 P.2d 674]; *Lacabanne Properties, Inc.* v. *Department of Alcoholic Beverage Control,* 261 Cal.App.2d 181 [67 Cal.Rptr. 734]; *DeMartini* v. *Department of Alcoholic Beverage Control,* 215 Cal.App.2d 787, 799 [30 Cal.Rptr. 668].)

█ Contrary to the position advanced by the board and real party in interest, we believe that the accusation does allege a separate cause for discipline under section 24200 subdivision (a) of the Business and Professions Code and article XX, section 22 of the California Constitution based upon the involvement of Lopez in illegal activity. This allegation[1] precedes the allegation dealing with the criminal court proceedings in San Diego County. The substantive content of the paragraph, the punctuation (". . . the same to be stolen;"), and the use of the conjunctive "and" to precede the allegation detailing the criminal court proceedings are all indicative of the several nature of the allegations.

---

[1]We are referring to the following language in the accusation: "Between June 1, 1967, and June 30, 1967, Samuel J. Lopez, licensee at above-designated premises, violated Section 496.1 of the California Penal Code, in that he did buy, receive, conceal, and withhold from the owners thereof certain property, to-wit: ladies clothing, which had been stolen, knowing the same to be stolen."

■ The accusation could have been drafted more artfully, but the test of the adequacy of administrative pleadings is simply whether the licensee is given a fair notice of the acts or omissions with which he is charged so that he may prepare his defense. (*Garcia* v. *Martin,* 192 Cal.App.2d 786 [14 Cal.Rptr. 59]; *Stoumen* v. *Munro,* 219 Cal.App.2d 302 [33 Cal. Rptr. 305].) ■ Lopez did not indicate any lack of preparation of his case before the hearing officer, and nowhere in the transcript of the hearing does there appear any surprise as to the charges or evidence produced against him.

We must also consider the fact that the department would have had no need to put on independent evidence of the acts of the licensee if it had intended to proceed solely on the basis of the summary provisions of section 24200 subdivision (d),[2] nor would Lopez have felt obligated to take the witness stand and testify at the administrative hearing if he did not believe that the department was attempting to present independent evidence of wrongdoing on his part and thereby bring his conduct within section 24200 subdivision (a)[3] and/or article XX, section 22 of the California Constitution.

■ We also believe that the department is correct in its contention that there is substantial evidence in the record, independent of the criminal court proceedings, to support a finding of a violation of Penal Code section 496, subdivision 1. A quantity of merchandise belonging to Haggarty's was found in the possession of the licensee at the time of his arrest by the San Diego police. Lopez admitted receiving the property during the period between March and June of 1967. The merchandise was received from a man never positively identified, who never produced an invoice for the goods, who never voluntarily offered a receipt of any sort for the cash payments made, and who never signed his name to a receipt prepared by Lopez. Yet, despite the fact that he admitted "getting suspicious" as early as the third sale, Lopez purchased additional merchandise from the man (McCutchin) in June 1967. Thereafter, Lopez had acquaintances take the merchandise over the border in small lots rather than as a bulk shipment. From this fact, it could be inferred that Lopez was trying to divert attention

---

[2]Section 24200 of the Business and Professions Code provides in part as follows: "The following are the grounds which constitute a basis for the suspension or the revocation of licenses:

"(a) When the continuance of a license would be contrary to public welfare or morals; . . .

" . . . . . . . . . . . . . . . . . .

"(d) The plea, verdict, or judgment of guilty to any public offense involving moral turpitude . . . ."

[3]Unless otherwise noted, all code references are to the Business and Professions Code.

from his transfers of merchandise and was trying to avoid being connected with the merchandise being transferred.

■ Although there was sufficient independent evidence to support a finding that Lopez bought and received stolen merchandise with the knowledge that the merchandise was stolen, the department did not make such a finding. If the department had omitted the introductory sentence "Respondent Samuel J. Lopez has been convicted of a crime involving moral turpitude, as follows:", the findings would have been sufficient. ■ In a proceeding to revoke a liquor license, findings may be made in the language of the accusation (*Stoumen* v. *Munro, supra,* 219 Cal.App.2d 302), and need not be stated with the formality required in judicial proceedings.

■ "Under Government Code section 11518, providing for the form and content of the decision of the administrative agency, the findings must be sufficient to enable the reviewing court to determine that the agency actually found necessary facts to support its determination of the issues. [Citation.] ■ Administrative findings may be general as long as they satisfy the dual requirements of making intelligent review possible and apprising the parties of the basis of the decision of the administrative agency. [Citation.]" (*Savelli* v. *Board of Medical Examiners,* 229 Cal. App.2d 124, 134-135 [40 Cal.Rptr. 171].) ■ In the instant case, as the decision of the department is now structured, there has been a failure to make any findings as to that portion of the accusation alleging separate cause for discipline under the provisions of section 24200 subdivision (a) and article XX, section 22 of the California Constitution based upon the involvement of Lopez in illegal activity. Findings by implication cannot be substituted for specific findings when they are required. (*Bostick* v. *Martin,* 247 Cal.App.2d 179 [55 Cal.Rptr. 322].)

■ The record reflects the fact that Lopez entered a nolo contendere plea to one count of violating Penal Code section 496, subdivision 1 (receiving stolen property) on March 12, 1968. On April 2, 1968, the imposition of sentence was suspended and he was placed on probation for three years. Thereafter, the offense was adjudicated a misdemeanor by the court pursuant to the provisions of Penal Code section 17.

It is the position of the department that a nolo contendere plea[4] is a plea of guilty to a public offense within the meaning of section 24200 subdivision (d) of the Business and Professions Code. The board concedes the fact that the entry of a nolo contendere plea is a conviction within

---

[4] Penal Code section 1016 subdivision 3 provides in pertinent part as follows: "Nolo contendere . . . . The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."

the criminal case, but it contends that for the department to proceed under section 24200 subdivision (d), there must be a plea, finding or verdict of guilty followed by a final judgment of conviction and sentence. Inasmuch as the imposition of sentence was suspended in *Lopez'* case, the board concludes that there has been no final judgment of conviction, no plea, and no finding or verdict which would make section 24200 subdivision (d) operative.

In its written opinion the board compares section 24200 subdivision (d) with other licensing statutes and highlights the fact that section 24200 subdivision (d) is silent as to the word "conviction" and is also silent as to any reference to a nolo contendere plea as a basis for administrative action. The opinion notes that some licensing statutes (e.g. Bus. & Prof. Code, § 1679 covering dentists) authorize the imposition of administrative sanctions following a "conviction" of a felony or misdemeanor involving moral turpitude or a "conviction following a plea of nolo contendere. . . ."

In their briefs filed with this court, both the board and Lopez contend that the omission of any reference to a nolo contendere plea in section 24200 subdivision (d) and the failure of the Legislature to approve AB 1260, a department bill introduced in 1969 to amend section 24200 subdivision (d) by including a plea of nolo contendere, are denotative of legislative intent that the nolo contendere plea shall not be used in alcoholic beverage licensing matters.

The collateral effect of a nolo contendere plea in an administrative proceeding is a subject that produces little unanimity of opinion in legal circles. Although it is well established that a plea of nolo contendere may not be used in a civil action as an admission against interest, there is a division of authority amongst state courts as to whether or not a nolo contendere plea is evidence of a conviction or an admission against interest in an administrative action.

The majority view is typified by the decision of the Missouri Supreme Court in *Neibling* v. *Terry,* 352 Mo. 396 [177 S.W.2d 502, 152 A.L.R. 249]. In that case the court explained that the confusion generated by the effect of the nolo contendere plea stems from the erroneous judicial practice of clothing the judgment of conviction with the characteristics of the plea. The court held that the fact of conviction is distinct from the plea because only the plea carries the evidentiary force of an admission. The court therefore concluded that a defendant cannot prevent the judgment of conviction from being used as a basis for applying an administrative penalty.

The minority position is that any use of the nolo contendere plea or the conviction outside of the criminal case constitutes an admission of guilt.

Under the minority view, any use of the conviction is deemed the same as if the plea itself had been used as a conviction. Therefore, a conviction following a nolo contendere plea is not deemed a conviction for purposes of a statute authorizing administrative sanctions based solely upon a judgment of conviction. (See *Bruce* v. *Holesworth,* 129 Colo. 129 [267 P.2d 1014, 1017].)

Two California cases adopted the minority view prior to the enactment of Penal Code section 1016 subdivision 3. In *Caminetti* v. *Imperial Mut. Life Ins. Co.,* 59 Cal.App.2d 476, 489 [39 P.2d 681], the officers of an insurance company entered a nolo contendere plea and were convicted in federal court of a charge of defrauding the United States. The California Insurance Code authorized a conservator to seize any insurance company found to be in a condition hazardous to the investing public or creditors. The Insurance Commissioner attempted to introduce the federal conviction as conclusive evidence of fraud warranting the seizure of the company's assets. The court refused to permit the conviction to be used as an admission of fraud since it was based on the nolo contendere plea. The court characterized the nolo contendere plea as being an agreement between the defendant and the court "solely and alone and for the purpose of that case and for no other purpose." (P. 492.) In the case of *In re Hallinan,* 43 Cal.2d 243 [272 P.2d 768], the Supreme Court approved a State Bar ruling that disbarment proceedings could not be instituted against lawyers convicted of a felony following a nolo contendere plea entered in a federal court. The court stated (p. 247): "In view of *Caminetti* v. *Imperial Mut. L. Ins. Co.* . . . . holding that a plea of nolo contendere is not the equivalent of a plea of guilty and cannot be used in another proceeding as an admission against the person so pleading, the State Bar was justified in concluding that such a plea was not the equivalent of a 'plea or verdict of guilty' within the meaning of section 6101 of the Business and Professions Code."

Subsequent to the *Hallinan* decision, the California Legislature amended a number of statutes in the Business and Professions Code to insure that convictions following the entry of a nolo contendere plea could provide the basis for an administrative penalty (e.g. § 6101 [attorneys]; § 1679 [dentists]; § 4354 [pharmacists]; § 5106 [accountants]; § 10100 [real estate brokers]; § 2765 [nurses]; § 4883 [veterinarians]; § 2688 [physical therapists]). The legislative action was selective, however, and a number of statutes were not amended to provide for nolo contendere convictions. Included in this category is section 24200 subdivision (d). Can it be inferred from this omission that the Legislature intended to exclude convictions following nolo contendere pleas from the coverage of section 24200 subdivision (d)?

■ The intent of the Legislature is to be given effect whenever possible and statutes will be interpreted to promote rather than defeat legislative policy and purpose. (*Stigall* v. *City of Taft,* 58 Cal.2d 565 [27 Cal.Rptr. 441, 375 P.2d 289]; *McKesson* v. *Lowery,* 51 Cal.2d 660 [335 P.2d 662]; *Freedland* v. *Greco,* 45 Cal.2d 462 [289 P.2d 463].) The Legislature was reacting to the *Caminetti* and *Hallinan* decisions when it decided to remove this judicial shield from specific occupations and professions. It is reasonable to assume that the Legislature did not intend to remove this shield from occupations and professions not designated.

The department relies upon *Christensen* v. *Orr,* 275 Cal.App.2d 12 [79 Cal.Rptr. 656], to support its position that the nolo contendere plea entered by Lopez comes within the provisions of section 24200 subdivision (d). In *Christensen* it was held that a plea of nolo contendere was a conviction within the meaning of Vehicle Code section 13352 subdivision (b) despite the limitations placed upon the use of a plea of nolo contendere by Penal Code section 1016(3). The court stated (p. 13): "The classic situation envisioned by the limitation of section 1016 is a personal injury suit for damages against the defendant drunk driver: the plea cannot be used as an admission in such a case. This situation is not applicable here. There was no civil suit. There was merely the paper work of the DMV suspending Christensen's driver's license following the department's receipt of a certified abstract of the court's record showing Christensen had been convicted of drunk driving. To establish a criminal conviction, the nolo contendere plea was the same as a guilty plea. Under it the court convicted Christensen of drunk driving. The license suspension was based on the ultimate fact of Christensen's conviction, not upon any implied admission or the manner in which that conviction came about, whether by guilty plea, finding of guilt after trial or nolo contendere plea."

Section 24200 subdivision (d) differs from the Vehicle Code section involved in the *Christensen* case in two material respects. Section 13352 of the Vehicle Code provides: "The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been *convicted* of driving a motor vehicle while under the influence of intoxicating liquor." (Italics added.) Under this Vehicle Code section the Department of Motor Vehicles is only concerned with the fact that there has been a conviction. How the conviction came about is not significant. Section 24200 subdivision (d) contains no reference to a conviction and does not come within the category of statutes that provide that a conviction is sufficient for the purpose of imposing administrative

sanctions. This omission has special significance in view of the plain language of Penal Code section 1016 subdivision 3 which states that ". . . the *plea* may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Italics added.) Even under the majority view expressed in *Neibling* v. *Terry, supra,* the use of a conviction is distinguished from the use of the nolo contendere plea on the basis that only the plea carries the evidentiary force of an admission.

A second important distinction between Vehicle Code section 13352 and section 24200 subdivision (d) is the fact that the Department of Motor Vehicles is carrying out a mandatory ministerial function in ordering either the suspension or revocation of a driving license. In *Christensen* there was no administrative hearing. As the court stated (p. 13): "There was no civil suit. There was merely the paper work of the DMV suspending Christensen's driver's license . . ." In section 24200 proceedings we are concerned with an administrative hearing which must be conducted pursuant to the requirements of the Government Code.[5] Such a hearing necessitates the exercise of discretion by the department and is quasijudicial in nature.

 On the facts of this case, it is our conclusion that the nolo contendere plea entered by Lopez in the criminal proceeding does not constitute a "plea, verdict, or judgment of guilty" as provided by section 24200 subdivision (d) of the Business and Professions Code.

In view of the foregoing, the decision of the Department of Alcoholic Beverage Control is reversed and the matter is remanded back to the department for proceedings consistent with the views expressed in this opinion.

Ford, P. J., and Schweitzer, J., concurred.

---

[5] See Government Code sections 11503, 11513.