[Civ. No. 25473. First Dist., Div. Two. Jan. 16, 1970.]

LIQUOR SELLERS, INC., Plaintiff and Appellant, v.
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,
Defendant and Appellant.

[Civ. Nos. 25476, 25477. First Dist., Div. Two. Jan. 16, 1970.]

RICHARD CORSETTI, Plaintiff and Appellant, v.
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,
Defendant and Appellant.

(Two Cases.)

[Civ. No. 26386. First Dist., Div. Two. Jan. 16, 1970.]

MARINO DEL CARLO, Plaintiff and Respondent, v.
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al.,
Defendants and Appellants.

(Consolidated Cases.)

**COUNSEL**

Thomas C. Lynch, Attorney General, Wiley W. Manuel and L. Stephen Porter, Deputy Attorneys General, for Defendants and Appellants.

J. Bruce Fratis for Plaintiffs and Appellants.

Dooling, Kelly & Moiseeff and Joseph I. Kelly for Plaintiff and Respondent.

**OPINION**

**TAYLOR, J.**—In these four appeals, the Department of Alcoholic Beverage Control (hereafter Department), appeals from judgments remanding the matters for a reconsideration of the penalties imposed in the light of Business and Professions Code section 24755.1, enacted after the licensees' violations of the retail price maintenance statute (Bus. & Prof. Code, § 24755). In the Liquor Sellers and Corsetti cases, the licensees also cross-appeal from the portion of the judgments determining that Business and Professions Code section 24755 is constitutional.

Preliminarily, we turn to these cross-appeals and the contention that the minimum retail price maintenance provisions of the Alcoholic Beverage Control Act are invalid under the antitrust laws of the United States and the State of California. Recently, in *Samson Market Co. v Alcoholic Beverage Control Appeals Board,* 71 Cal.2d 1215, 1218-1221 [81 Cal.Rptr. 251, 459 P.2d 667], and one of its companion cases, *Big Boy Liquors, Ltd. v. Alcoholic Beverage Control Appeals Board,* 71 Cal.2d 1226 [81 Cal. Rptr. 258, 459 P.2d 674], our Supreme Court rejected an identical contention and reaffirmed its prior decisions as to the validity and constitutionality of the retail price maintenance provisions.

We turn, therefore, to the question raised by the Department's appeals, namely, whether the trial court erred in concluding that Business and Professions Code section 24755.1 could be retroactively applied to violations that occurred prior to its effective date of September 17, 1965.

As there are no contentions concerning the sufficiency of the evidence, and as the trial court in each case found that the retail price statute had been violated as alleged, a brief summary of the pertinent facts will suffice. The violations of the licensees involved occurred in 1961, 1962 and 1963. By the beginning of 1965, the Appeals Board of the Department had affirmed

each of the decisions to suspend the licensees' off-sale licenses, and each of the licensees, pursuant to Code of Civil Procedure section 1094.5, had filed a petition for a writ of mandate in the superior court. On June 8, 1965, the superior court entered an interim order in each case indicating that Business and Professions Code section 24755 was constitutional, and that the various petitions should be denied on all grounds except those relating to the penalty. These interim orders also indicated that the final decisions would be announced on July 19, 1965.

On January 26, 1967,[1] the court entered the final judgments remanding the causes for further proceedings as to the penalty in the light of Business and Professions Code section 24755.1, which prescribes monetary fines and prohibits license revocation or suspension for violations of Business and Professions Code section 24755. The court found that the Legislature intended that the new penalty provisions of section 24755.1 apply as the proceedings instituted against the licensees were not final on September 17, 1965, the effective date of the statute. The court further found that neither the Department nor its Appeals Board had the opportunity to determine whether the penalties imposed by section 24755.1 were less severe than the penalties imposed and that, therefore, the imposition of the suspensions would constitute an abuse of discretion. Accordingly, the court vacated the interim orders and remanded the matters to the Department for a reconsideration of the penalties.

The retroactivity of Business and Professions Code section 24755.1 was extensively reviewed and discussed by our Supreme Court in *Wilke & Holzheiser, Inc.* v. *Department of Alcoholic Beverage Control*, 65 Cal.2d 349 [55 Cal.Rptr. 23, 420 P.2d 735], a case involving retail price violations that occurred prior to 1961. The court noted the general presumption that legislative changes do not apply retroactively unless the Legislature expressly so determines and it stated at pages 372 and 373, in language applicable to the instant proceedings "The Legislature's alteration of the method for enforcement of a statute, however, ordinarily reflects its decision that the revised method will work greater future deterrence and achieve greater administrative efficiency. Yet the design for efficacy of deterrence and efficiency of administration hardly affects the case which has already reached a final administrative decision based upon the old procedure. The enactment of section 24755.1 constitutes just such an attempted improvement in the machinery of enforcement. The Legislature determined that the imposition of mandatory fines, which become immediately payable despite appeal or mandate, would prove more effective in enforcing the statute than criminal prosecution, or discretionary suspension and revocation of

---

[1]The reasons for this delay are not apparent from the record.

licenses, which often involve substantial procedural delays. (See, e.g., the stay provisions of Code Civ. Proc., § 1094.5, subd. (f).)

"Whatever advantages the Legislature may have contemplated by the new procedure, such benefits could not inure in the instant litigation. However cumbersome or slow the old machinery may have been, it has done its work. To undo it now and begin anew with the more streamlined mechanism would not fulfill the legislative design. *Indeed, the legislative purpose would be served better by a decision which terminates this litigation than by a remand for further proceedings on charges which, in some instances, have extended over a decade.*

"The incongruity of remanded proceedings in this case becomes even clearer in light of the prospective functioning of part of the amended statute. An integral segment of the new enforcement system is the provision of section 24755.1 requiring prompt payment or execution of a surety bond pending appeal. That central provision is *necessarily* prospective in operation. *Section 24755.1 clearly does not apply to a license suspension or revocation preceding its effective date."* (Italics partially added.)

The court then commented (at p. 373) that a second and alternative reason for holding that section 24755.1 operates only prospectively, exists in the federal and state constitutional prohibitions against ex post facto punishment. The court stated at page 374: "Although arguably the revised statute provides penalties in some respects more, and in others less, severe than those previously imposed, we cannot sever the less onerous provisions and give retroactive effect to them alone in order to avoid the constitutional issue; such legal surgery would clearly violate the legislative compromise reflected in the statute. Finding just such an obstacle in *In re Griffin* (1965) 63 Cal.2d 757 [48 Cal.Rptr. 183, 408 P.2d 959], we refused to give retroactive effect to any part of a statute which reduced the minimum sentence for selling marijuana while postponing eligibility for parole. As applied to the petitioner in *Griffin*, the new law, considered as a whole, operated more harshly and hence could not constitutionally be given retroactive effect. Having been relieved of the burdens imposed by the new law, petitioner could not avail himself of its benefits. *(Id.* at p. 761.)

"Accordingly, we hold that, in the instant case, absent a contrary expression of legislative intent, a decrease in penalties which is not readily severable from an accompanying increase will be given prospective effect only. *The provision in section 24755.1 which abrogates the penalties of discretionary license suspension and revocation thus does not apply to the present case, since all of the violations in question preceded the effective date of that section."* (Italics added.)

Thus, the crucial date for the application of the statute for con-

stitutional reasons alone is the date of the licensees' violations, not the finality of the administrative proceedings. All of the violations here occurred long before the enactment of the statute. In each instance, when the Department adopted the hearing officers' recommendations for suspensions, these were the only penalties then authorized. Likewise, the Department's final actions, the determinations of its Appeal Board, also occurred long before the effective date of Business and Professions Code section 24755.1.

The licensees here rely on *Reimel* v. *Alcoholic Beverage etc. Appeals Board,* 256 Cal.App.2d 158 [64 Cal.Rptr. 26]. There, the appellate court indulged in dicta that appears to be the source of the trial court's action in the instant case. The very last paragraph of the opinion (p. 176) reads as follows: "The court in *Wilke & Holzheiser, Inc.* (p. 373) held 'Section 24755.1 clearly does not apply to a license suspension or revocation preceding its effective date.' However, in view of the current legislative intent concerning license revocation and suspension demonstrated by section 24755.1 the Department may elect to review respondent licensee's penalty assessments before they are placed in effect, as permitted by section 24211, added in 1963."

Business and Professions Code section 24211 reads: "The department may on its own motion at any time before a penalty assessment is placed into effect and without any further proceedings, review the penalty, but such review shall be limited to its reduction."

In view of the language in *Wilke* (quoted above at p. 540) concerning the impossibility of severing the less onerous penalties of section 24755.1 from the more onerous one, hindsight compels the conclusion that the reference to section 24211 in *Reimel* was both superfluous and questionable. We note, however, that the reference to section 24211 in *Reimel* may have been occasioned by the fact that at the time (Dec. 1966), as well as at the time of the trial court's decisions herein, the constitutionality of section 24755.1 had not been determined. Our Supreme Court expressly did not reach the constitutional question in *Wilke, supra,* at page 371, and only recently ruled on it in *Kirby* v. *Alcoholic Beverage Control Appeals Board,* 71 Cal.2d 1200 [81 Cal.Rptr. 241, 459 P.2d 657]. In *Kirby,* the court held that the Department's constitutional powers over licenses (Cal. Const., art. XX, § 22), is subject to a reasonable legislative enactment, such as section 24755.1, which qualifies the Department's jurisdiction over licensing in cases involving the minimum price statute. ■ With the illumination supplied by this most recent decision, we can conclude (more easily than the court in *Reimel* or the trial court here) that Business and Professions Code section 24211 cannot be properly applied in the instant case, to give

the Department discretion to impose penalties not yet conceived (much less enacted) at the time the violations occurred or its administrative proceedings were concluded.

The judgments are reversed and the trial court directed to affirm the decisions of the Department.

Shoemaker, P. J., and Agee, J., concurred.

Plaintiffs' petitions for a hearing by the Supreme Court were denied March 11, 1970. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.