TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-1004 |
| of | : | September 22, 1987 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| ANTHONY S. DA VIGO<br>Deputy Attorney General | : | |

---

THE HONORABLE DENNIS A. BARLOW, COUNTY COUNSEL, COUNTY OF YUBA, has requested an opinion on the following question:

May the board of supervisors of a general law county establish the position within the county's merit system and prescribe the salary of Superior Court Administrator/Jury Commissioner?

CONCLUSION

The board of supervisors of a general law county may not establish the position within the county's merit system and prescribe the salary of Superior Court Administrator/Jury Commissioner.

ANALYSIS

1

The present inquiry is whether a county board of supervisors may create and fix the compensation for the office of Superior Court Administrator/Jury Commissioner. Generally, a county possesses and can exercise only such powers as are granted it by the constitution or statutes, together with those powers as arise by necessary implication from those expressly granted. (Byers v. Board of Supervisors (1968) 262 Cal. App. 2d 148, 157; 66 Ops. Cal. Atty. Gen. 287, 292 (1983).)[1]

California Constitution, article VI, section 4, provides that the Legislature ". . . shall prescribe the number of judges and provide for the officers and employees of each superior court." The power to "provide for" officers necessarily includes the power to establish their qualifications for eligibility as well as their duties, tenure, and compensation. (*Cf.* Reed v. Hammond (1912) 18 Cal. App. 442, 443; 66 Ops. Cal. Atty. Gen. 293, 298 (1983).) Further, the use of the term 'provide," as distinguished from the word "prescribe" in the same sentence, indicates an intention to authorize the Legislature to delegate its own power in that respect. (*Cf.* County of Madera v. Superior Court (1974) 39 Cal. App. 3d 665, 669-670; 63 Ops. Cal. Atty. Gen. 151, 152 (1980).)

Another constitutional provision, article XI, section 1, subdivision (b), provides:

"The Legislature shall provide for county powers and an elected governing body in each county. Except as provided in subdivision (b) of Section 4 of this article, each governing body shall prescribe by ordinance the compensation of its members, but the ordinance prescribing such compensation shall be subject to referendum. The Legislature or *the governing body may provide for other officers whose compensation shall be prescribed by the governing body*. The governing body shall provide for the number, compensation, tenure, and appointment of employees." (Emphasis added.)

(And see Gov. Code, § 25300; 66 Ops. Cal. Atty. Gen. 293, 298-299 (1983).) Under this

___

[1]Government Code section 23003 provides:
"A county is a body corporate and politic, has the powers specified in this title, and such others necessarily implied from those expressed."
Government Code section 25207 provides:
"The board may do and perform all other acts and things required by law not enumerated in this part, or which are necessary to the full discharge of the duties of the legislative authority of the county government."
These sections confer a wide latitude in carrying out the duties mandated upon a county by the Legislature. (San Joaquin County Employees' Assn. v. County of San Joaquin (1974) 39 Cal. App. 3d 83, 89.)

2

section, county officers[2] and employees, including those who serve under the county clerk, are appointed pursuant to the laws, ordinances and rules governing county personnel. To be distinguished from this group are court personnel under the court executive officer appointed pursuant to specific statutory authority. (See Gov. Code, § 69890 et seq.; Service Employees Internat. Union v. Superior Court (1982) 137 Cal. App. 3d 320, 324-325.) With respect to these employees the court stated (*id*. at 326):

> "The positions in this group are referred to in the statutes as attaches and employees of the superior court. As previously stated they are exempt from civil service. They are appointed by the court and serve at the pleasure of the court. The court has the exclusive right to control the duties of these employees. It is only in the payment of salary and benefits that the county is involved. *These attaches and employees are clearly employees of the superior court and not the county*." (Emphasis added.)

(And *cf*. 32 Ops. Cal. Atty. Gen. 161, 162-163 (1958).) In our view, the reference in article XI, section 1, subdivision (b), to "other" officers is limited to those of the county and does not include officers of the superior court within the purview of article VI, section 4. This interpretation harmonizes the respective constitutional provisions to avoid conflict. (*Cf*. Stanton v. Panish (1980) 28 Cal.3d 107, 115.)

The Legislature has provided for the office of court administrator, or "executive officer" of the superior court. Government Code section 69898 provides as follows:

> "(a) Any superior court may appoint an executive officer who shall hold office at the pleasure of the court and shall exercise such administrative powers and perform such other duties as may be required of him by the court. The court shall fix the qualifications of the executive officer and may delegate to him any administrative powers and duties required to be exercised by the court. He shall supervise the secretaries of the judges of the court and perform, or supervise the performance of, the duties of jury commissioner. The salary of the executive officer shall be fixed by the court and shall be paid by the county in which he serves. Each such position shall be exempt from civil service laws.

> "Any superior court may appoint the county clerk as executive officer, who shall hold office as such executive officer at the pleasure of the court and shall exercise such administrative powers and perform such other duties as

---

[2]See Government Code section 24000 - county officers.

may be required of such person by the court.

"(b) Any superior court for which a specific authorization to have an executive or administrative officer has been enacted by the Legislature may elect to proceed under its specific authorization or under this section, but not under both.

"(c) In every superior court having an executive or administrative officer appointed under the provisions of this section or under a specific statutory authorization, that officer has the authority of a clerk of the superior court.

"(d) Notwithstanding any other provision of law, a superior court having an executive or administrative officer may, by local rule, specify which of the powers, duties and responsibilities required or permitted to be exercised or performed by the county clerk in connection with judicial actions, proceedings and records shall be exercised or performed by the executive or administrative officer. The county clerk shall be relieved of any obligation imposed on him by law with respect to these specified powers, duties and responsibilities, to the extent the local rule imposes on the executive or administrative officer the same powers, duties and responsibilities."

This section authorizes the *superior court* to appoint an executive officer who shall, inter alia, ". . . perform, or supervise the performance of, the duties of jury commissioner." The executive officer shall exercise such administrative powers as may be required by the court. The court shall fix the qualifications and the salary of the executive officer, whose position ". . . shall be exempt from civil service laws." Manifestly, the board of supervisors is not authorized under this section to create and fix the compensation for the office in question.

For purposes of this opinion it will be assumed that no specific authorization referred to in subdivision (b) of section 69898 applies.[3] In any event, no such provision authorizes the appointment of an executive officer by the board of supervisors.

We perceive no express or implied delegation of legislative power to the county board of supervisors to appoint or to prescribe the salary of a superior court administrator. On the contrary, Government Code section 69898 prescribes the mode by which such an office may be established. Where a statute prescribes the mode by which a

_____

[3]Government Code sections 69892.1 and 69894. 1 - Los Angeles; 69893.5 - Sacramento; 69893.7 - Yolo; 69895 and 69900 - San Francisco; 69903 - Alameda. No such specific provision applies to the County of Yuba.

power may be exercised, the mode is the measure of the power. (Uhl v. Baderacco (1926) 199 Cal. 270, 283; Cowell v. Martin (1872) 42 Cal. 605, 613; Bear River, Etc. Corp. v. County of Placer (1953) 118 Cal. App. 2d 684, 689; 64 Ops. Cal. Atty. Gen. 804, 808 (1981).)

> ". . . In the grants [of powers] and in the regulation of the mode of exercise, there is an implied negative; an implication that no other than the expressly granted power passes by the grant; that it is to be exercised only in the prescribed mode...." (Wildlife Alive v. Chickering (1976) 18 Cal. 3d 190, 196; 66 Ops. Cal. Atty. Gen. 17, 24 (1983).)

(See also Garson v. Juarique (1979) 99 Cal. App. 3d 769, 774; Kirby v. Alcoholic Bev. Cont. App. Bd. (1969) 3 Cal. App. 3d 209, 221.)

It is concluded that the board of supervisors of a general law county may not establish the position within the county's merit system and prescribe the salary of Superior Court Administrator/Jury Commissioner.