[S. F. No. 15364. In Bank.—August 1, 1935.]

THE WESTERN UNION TELEGRAPH COMPANY, Petitioner, v. ARTHUR FIBUSH, M. D., et al., Respondents.

Pillsbury, Madison & Sutro and Francis Gill for Petitioner.

Everett A. Corten and J. Francis Shirley for Respondents.

THE COURT.—The petitioner seeks by this proceeding in review to annul an order of the respondent Industrial Accident Commission which directs the petitioner to pay the sum of $178.50 to the respondent Arthur Fibush, M. D.

In August, 1929, Margaret Kassebaum was injured in the course of her employment with the petitioner by a counter door dropping on her neck. The petitioner, self-insured, provided medical treatment and paid to Mrs. Kassebaum the sum of $1632.94 in sickness and accident benefits. This sum,

it is stated, equalled the highest rating to which she would have been entitled if all issues had been decided in her favor in a proceeding before the commission. She was treated for the injury by a member of the petitioner's medical staff until December, 1930, at which time she was discharged as cured. She later engaged Dr. Bill as her physician. He treated her until November 14, 1932, when she employed the respondent Fibush, who thereafter administered treatments.

On November 25, 1932, Mrs. Kassebaum applied to the commission for additional compensation and medical treatment. The application was resisted by the petitioner on the ground that it had paid to her the full amount to which she was entitled, and that her subsequent treatment by Dr. Fibush was not by its authorization nor for an ailment resulting from the industrial injury. At the suggestion of the referee of the commission the matter was brought to a compromise by which the petitioner agreed to pay $800 to Mrs. Kassebaum. The compromise agreement was filed with the commission on October 4, 1933. Three days later Dr. Fibush filed with the commission a notice of lien for $261.10 "for medical treatment furnished to the employee subsequent to her injury of August, 1929", and against any compensation payable to Mrs. Kassebaum. A copy of the notice of lien was received by the petitioner on October 9th, on which day the commission filed its order approving the compromise agreement. Notwithstanding its receipt of notice of the filing of the lien the petitioner paid the stipulated sum of $800, with certain deductions not here involved, directly to Mrs. Kassebaum as provided in the compromise agreement. This payment was so made by the petitioner on the advice of its counsel, who concluded that the finding and order of the commission precluded payment otherwise than in accordance with the order. The finding of the commission was that the medical attention furnished by Dr. Fibush to Mrs. Kassebaum was procured by her at her own expense and request and that the petitioner herein was not liable to her for the same. The commission further found that the medical services furnished by Dr. Fibush were not to cure or relieve an industrial injury, and that such services "were not needed or required to cure or relieve from an industrial injury". It appeared in evidence that the disability from which Mrs. Kassebaum was suffering and for which she was treated by Dr. Fibush was a spinal

abnormality having nothing to do with and not affected by the industrial injury.

After the payment of the $800 to its employee by the petitioner the commission held further hearings as to the claim of lien pressed by Dr. Fibush and decided that it could not allow the lien as and for medical services rendered to the employee, but that it would allow a lien as and for living expenses. The commission accordingly ordered the petitioner to pay directly to Dr. Fibush the amount claimed in his notice of lien. It is this order which is sought to be annulled.

■ The correctness of the conclusion of the commission depends upon the proper construction of the pertinent provisions of the Workmen's Compensation Act. Section 24 (a) provides that compensation awarded an applicant shall be paid directly to him and none other, unless otherwise ordered by the commission, and that such compensation shall not be subject to be taken for the debts of the party entitled to the compensation except as in the section provided. Subdivision (b) of section 24 provides that the commission "may fix and determine and allow as a lien against any amount to be paid as compensation", certain enumerated items, the second of which is "the reasonable expense incurred by or on behalf of the injured employee as defined in subsection (a) of section nine hereof". Section 9 (a) provides that liability for compensation shall include such medical treatment "as may reasonably be required to cure and relieve from the effects of the injury". The third subdivision of section 24 (b) authorizes a lien on the compensation awarded for "the reasonable value of the living expenses of an injured employee . . . subsequent to the injury".

It appears beyond question that Dr. Fibush was not entitled to a lien on the compensation awarded as and for medical services pursuant to subdivision 2 of section 24 (b), for the reason that such services were rendered by him for a nonindustrial disability, and the statute authorizes a lien for medical attention only "to cure and relieve from the effects of the injury". The question is, whether the cost of medical aid may be treated as "living expenses" within the meaning of the act, and a lien therefor be allowed.

It is insisted by the respondent that the term "living expenses" includes payment for medical treatment. Although

no authority or precedent on the subject is presented by counsel or discovered, it is assumed, at least, that under some circumstances and as a general proposition living expenses might include payment for medical treatment. It must, however, be concluded that under our statute medical aid was not so included. The two subjects are specifically and separately treated. The act allows a lien for the reasonable value of medical services rendered, but not without restriction. The limitation is, as stated, that such medical treatment must tend to cure and relieve from the industrial injury, which is not the case here, and the commission so found. It would be improper to hold that the cost of certain medical treatment, specifically found by the commission to be excluded as such from the pertinent lien provisions of the statute, could nevertheless be the subject of a lien under the general term "living expenses". Obviously it was never so intended by the legislature and the language of the statute excludes such a construction. When the commission assumed to accord vitality to the asserted lien it was acting in excess of its jurisdiction and its order attempting to do so must be annulled.

The authorities cited by the petitioner are not helpful. None involves the factual situation here presented. The result rests upon a construction of the statute with no persuasive argument in favor of an opposite conclusion.

The order is annulled.