[Civ. No. 24778.   Second Dist., Div. Two.   Aug. 19, 1960.]

DEPARTMENT OF MENTAL HYGIENE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ARENT GARBRO et al., Respondents.

*Assigned by Chairman of Judicial Council.

Stanley Mosk, Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

KINCAID, J. pro tem.*—The petitioner seeks by this proceeding in review to annul an order and decision after reconsideration of the respondent Industrial Accident Commission which disallowed petitioner's lien claim in the sum of $790.67 against an award made to an employee.

The employee sustained in industrial injury to his back in 1954 and subsequently, in 1959, an award of temporary and permanent disability indemnity in a substantial amount was made in favor of the employee against the employer and its compensation carrier.

Petitioner filed its claim of lien against this award, asserting that said sum represented the unpaid balance of charges for the "care, support and maintenance of [the employee] at Camarillo State Hospital from March 12, 1958, through July 26, 1958, and from October 6, 1959, through December 23, 1959," and for certain minor ambulance charges. The trial referee refused to allow said lien claim.

The commission granted reconsideration and held that the employee had been hospitalized at the Camarillo State Hospital for a "mental condition which had no relation to his industrial injury"; that "the institutional care was for a mental condition and that such care could not properly be designated as living expenses." Petitioner's lien claim was thereupon rejected.

Since the commission has determined that the subsequent mental condition for which the employee was hospitalized was not related to the industrial injury and no contention is now made that the evidence was insufficient to support such finding and determination, it necessarily follows that petitioner could not be allowed a lien under subdivision (b) of Labor Code, section 4903. (*Western Union Tel. Co.* v. *Fibush,* 4 Cal.2d 185 [48 P.2d 37].)

Subdivision (b) of said section provides in essence

---

*Assigned by Chairman of Judicial Council.

that the commission may allow as a lien against an award the reasonable expenses incurred for or on behalf of the injured employee in obtaining "medical and hospital" treatment for the industrial injury in accordance with sections 4600 to 4605 of the Labor Code. *Western Union Tel. Co.* v. *Fibush, supra,* establishes that such a provision does not authorize the allowance of a lien for medical treatment rendered for a non-industrial disability and the commission properly held that it was not authorized to allow petitioner its claim of lien under subdivision (b) of said section 4903.

Petitioner contends, however, that its lien claim should have been allowed under subdivision (c) of said section 4903, providing in essence that lien claim may be allowed for "[t]he reasonable value of the living expenses of an injured employee . . . subsequent to the injury."

The commission determined however that although petitioner also based its lien claim on subdivision (c) of said section 4903, "it is obvious that the institutional care was for a mental condition and that such care could not properly be designated as living expenses."

We are of opinion that this determination is sound and that it is the only reasonable result which may be reached in view of the provisions of subdivision (b) and of subdivision (c) of said section 4903. The two concepts of "medical care and treatment" and "living expenses" create a legislative dichotomy which requires that they be independently and separately awarded in application.

Hospital care and treatment, whether for a mental or physical illness, usually involves the furnishing of bed and board, but the latter is only incidental to the primary purpose of curing or relieving the patient from the effects of the illness. Petitioner herein was primarily furnishing care and hospital treatment for a mental disease and the provisions of subdivision (c) may not be given such a strained interpretation as to hold that petitioner can recoup such hospital care under guise of "living expenses" furnished. Patently the Legislature did not intend to allow as "living expenses" under subdivision (c), medical and hospital expenses which are not allowable under subdivision (b). (*Western Union Tel. Co.* v. *Fibush, supra,* 4 Cal.2d 185.)

Section 4901 of the Labor Code in effect protects the employee's award from being taken for the debts of the employee except to the extent liens are allowable under section 4903. The employee's award herein should therefore not be subject

to having lien imposed upon it by petitioner since section 4903 not only does not authorize allowance of a lien herein but prohibits the imposition of a lien for nonindustrial disability, i.e., for the nonrelated mental illness of the employee and hospital expenses in connection therewith.

The order and decision after reconsideration of the commission are affirmed.

Fox, P. J., and Ashburn, J., concurred.