[S. F. No. 22247. In Bank. May 24, 1966.]

FLOSSIE MAE WILLIAMS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Watson A. Garoni for Petitioners.

Everett A. Corten, Sheldon C. St. Clair and Percy J. Creede for Respondents.

BURKE, J.—  The question presented is whether a lien may be allowed against a workmen's compensation death award, for medical and hospital services rendered to a surviving dependent of the deceased employee. We have concluded that respondent Industrial Accident Commission erred insofar

as it included expenses for such services in its lien order here under review, and that the order to that extent must be annulled.

Jack Williams, the employee, died in November 1962 from an industrial injury. Award was made by the commission to petitioners, the surviving wife and children, in the maximum amount of $20,500 payable $70 per week beginning November 26, 1962. Thereafter the City and County of San Francisco filed a lien in the amount of $6,202.70 against the award, of which the commission allowed the sum of $5,360.10. The lien so allowed included $4,952.70 for medical treatment to the surviving wife rendered in the San Francisco General Hospital from April 1963 to October 1963, and claimed by the city to represent the reasonable "living expenses" of the wife of a deceased employee subsequent to his death and injury, within the meaning of section 4903, subdivision (c), of the Labor Code.[1] In this review proceeding it is contended that the cited statute does not contemplate that medical services be included within the term "living expenses."

In *Western Union Tel. Co.* v. *Fibush* (1935) 4 Cal.2d 185 [48 P.2d 37], after an employee had been awarded benefits for an industrial injury, a doctor filed a lien claim for medical treatment furnished the employee subsequent to the industrial injury but for a condition not industrially caused. The commission concluded that although the statute did not authorize such a lien as medical expenses it could be allowed as "living expenses" under the provisions of former subdivision (b)(3) of section 24 of the Workmen's Compensation Act (now Lab. Code, § 4903; see fn. 1, *ante*). This court annulled, stating (pp. 187-188): "It is insisted by the respondent that the term 'living expenses' includes payment for medical treatment. Although no authority or precedent on the subject is presented by counsel or discovered, it is assumed, at least, that under some circumstances and as a general proposition living expenses might include payment for medical treatment. It must, however, be concluded that under our statute medical

---

[1] Section 4903 provides in pertinent part: "The commission may determine, and allow as liens against any sum to be paid as compensation . . .

"(b) The reasonable expenses incurred by or on behalf of the injured employee, as provided by Article 2 of Chapter 2 of Part 2 of this division [i.e., § 4600, et seq.].

"(c) The reasonable value of the *living expenses* of an injured employee or of his dependents, subsequent to the injury." (Italics added.)

Section 4600 et seq., provide so far as here material for "*Medical, surgical,* and hospital *treatment* . . . which is reasonably required *to cure or relieve from the effects of the injury* . . . ." (Italics added.)

620

aid was not so included. The two subjects are specifically and separately treated. The act allows a lien for the reasonable value of medical . . . treatment . . . to cure and relieve from the industrial injury, which is not the case here. . . . It would be improper to hold that the cost of certain medical treatment, specifically found by the commission to be excluded as such from the pertinent lien provisions of the statute, could nevertheless be the subject of a lien under the general term 'living expenses.' Obviously it was never so intended by the Legislature and the language of the statute excludes such a construction." (See also *Department of Mental Hygiene* v. *Industrial Acc. Com.* (1960) 183 Cal.App.2d 832 [7 Cal.Rptr. 257], holding, in reliance upon *Fibush,* that the commission properly refused to allow as a lien against an employee's award a claim for institutional care for a mental condition not related to the industrial injury.)

Since *Fibush* the statute has remained unchanged in any aspect material here, although frequently amended in other respects. ■■ "Statutes are to be interpreted by assuming that the Legislature was aware of the existing judicial decisions. [Citation.] ■■ Moreover, failure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect." *Kusior* v. *Silver* (1960) 54 Cal.2d 603, 618 [5, 6] [7 Cal.Rptr. 129, 354 P.2d 657]; see also *Bellman* v. *County of Contra Costa* (1960) 54 Cal.2d 363, 367-368 [5 Cal.Rptr. 692, 353 P.2d 300]; *State of California* v. *Industrial Acc. Com.* (1957) 48 Cal.2d 355, 364 [7] [310 P.2d 1]; *Cole* v. *Rush* (1955) 45 Cal.2d 345, 356 [8-10] [289 P.2d 450, 54 A.L.R.2d 1137].)

In *County of Los Angeles* v. *Industrial Acc. Com.* (*Herrera*) (1943) 8 Cal. Comp. Cases 268 (writ denied), the commission itself followed the *Fibush* rule when it refused to allow a lien for hospital and medical services furnished to the employee's wife and minor child, holding that since the Legislature failed to provide a lien for the expense of treatment of the injured emplyoyee himself for other than the industrial injury it follows that such services rendered to his dependents would not be chargeable as a lien against his compensation.

The commission argues that the *Fibush* rule, while applicable to *inter vivos* awards, should not be extended to death benefit cases. As appears from the *Fibush* opinion, however (*supra,* pp. 187-188 of 4 Cal.2d), the court there relied on the fact that the statute specifically provides for a lien for medical

expenses arising out of the injury, and concluded therefrom that other medical expenses were not intended by the Legislature to be lienable under the general term "living expenses." We are persuaded that the commission correctly applied the *Fibush* rule in *Herrera* when it held that medical services furnished after the industrial accident to an employee's dependents do not constitute "living expenses" while the employee is alive; a contrary view would mean that the phrase would have different meanings as applied to the employee on the one hand and to his dependents on the other. However, to approve the commission's position in the instant case would mean that "living expenses" would be construed to include the expenses of medical services furnished to the dependents following the employee's industrially caused death, but that medical expenses of the dependents would be excluded if the employee remains alive. No sound or persuasive reason is suggested that would warrant the view that the Legislature intended such an anomalous result when it made lienable "The reasonable value of the living expenses of an injured employee or of his dependents, subsequent to the injury." (Lab. Code, § 4903, subd. (c).) Cases relied upon by the commission which view medical expenses as a "necessary of life" under other statutes and in other contexts are not in point here.

The commission's order is annulled insofar as it allows a lien for medical treatment furnished to the employee's surviving wife.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.

The petition of the respondent City and County of San Francisco for a rehearing was denied June 17, 1966.