Opinion
DRAPER, P. J.
In each of these three cases, agents of the Department of Alcoholic Beverage Control made three purchases of wine from the licensee within a period of a few days. Each purchase was at a price less than the fair trade price. In each case, the three violations were charged against the licensee in a single three-count accusation. As to Vallerga and Latimer, the department imposed penalties of license suspension of 10 days for the first count, 30 days for the second, and revocation for the third. The license of Gourmet, Inc. was suspended for 10 days on count 1, 30 days on count 2, and 60 days on count 3, the suspensions being made consecutive.
The ABC Appeals Board looked to the 1965 amendment of the statute (Bus. & Prof. Code, § 24755.1) limiting penalties for sale of distilled spirits to fines, rather than suspension or revocation. Deciding that failure to similarly amend the penalty provisions for sale of wine (Bus. & *877 Prof. Code, § 24880) was a legislative oversight, the board “rectified” the error by holding that penalty limitation for sale of distilled spirits also limited the penalties for fair trade violation in the sale of wine. It therefore reversed the suspensions and revocations. These writ proceedings followed.
The board erred. It is an established rule that failure of the Legislature to alter statutory language when the subject is before it indicates the intention that the law remain unchanged except for the alteration actually made (Williams v. Industrial Acc. Com., 64 Cal.2d 618, 620 [51 Cal.Rptr. 277, 414 P.2d 405]; Kusior v. Silver, 54 Cal.2d 603, 618 [7 Cal.Rptr. 129, 354 P.2d 657]). The legislative intent to differentiate penalties for fair trade violation as to wine and hard liquor was made unmistakably clear in 1970, when the Legislature rejected a bill (A.B. 1556) which would have extended the distilled spirits penalty limitation to sales of wine. The differing treatment of distilled spirits and wine in the fair trade field is not a denial of equal protection. (Joseph’s of California v. Alcoholic Bev. etc. Appeals Bd., 19 Cal.App.3d 785, 789 [97 Cal.Rptr. 183] [hg. den.].) Thus the decision of the appeals board must be annulled.
It does not follow, however, that the penalty orders of the department are reinstated. The Supreme Court has declared invalid the department practice of accumulating fair trade violations and charging all in a single accusation of multiple counts, thus enabling it to impose the most severe penalties. (Walsh v. Kirby, 13 Cal.3d 95 [118 Cal.Rptr. 1, 529 P.2d 33].) That case concerned fair trade violations in the sale of hard liquor. But the provision governing such violations in the sale of wine (Bus. & Prof. Code, § 24880) likewise permits increasingly severe penalties for subsequent offenses. At the time of the instant violations, the maximum penalty was 10 days suspension for a first offense, 30 days for a second and suspension or revocation for a third offense. (Stats. 1955, ch. 447, p. 921, § 106.) In each of the three-count accusations here involved, an increasingly severe penalty was imposed upon the second and third count, each being treated as a separate offense. The ultimate result was revocation of the licenses of Vallerga and Latimer, and a 100-day suspension for Gourmet. The same reasons for avoiding this result in hard liquor sales apply in the case at bench. Moreover, in two of these cases, the practice results in actual revocation rather than the “de facto revocation” condemned in Walsh. Upon the principle of Walsh, we strike down the penalties here imposed.
*878 The department, however, points to a footnote in Walsh: “We do not express any view whether departmental conduct similar to that in the instant case would be arbitrary if- exercised against a licensee who, the record would show, was an habitual offender and unwilling to conform.” (Fn. 14, 13 Cal.3d at p. 105.) It argues that we should review the record of each licensee to determine whether any prior violation of statute or regulation indicated that he is “unwilling to conform.” Literal application of this suggestion could well defeat the salutary purpose of Walsh, and we find it difficult to believe that the caveat of footnote 14 is intended to be so broad. In any event, the fixing of penalty is initially in the .discretion of the department, and not that of an appellate court. Each of the three department decisions before us clearly rests its severity upon the three violations cumulatively charged in a single accusation. Each thus violates the rule of Walsh.
In each case, the decision of the appeals board is annulled, the decision of the department as to penalty is annulled, and the matter is remanded to the department for reconsideration of the penalty to be imposed.
Brown (H. G), J., and Scótt, X, concurred.