Opinion
HASTINGS, J.
This is an appeal from a summary judgment granting a permanent injunction to the Superintendent of Public Instruction (plaintiff or Superintendent where appropriate) prohibiting Windsor University (University) from (1) “offering without the approval of the . . . Superintendent . .. courses that lead to a vocational objective or . .. issuing . .. any diploma or honorary degree based on completion or participation in said course or courses of study,” more specifically, the granting of a degree for its respiratory therapy technician program and operating room technician program and a diploma for its home health aide program.[1]
*329 University has statutory authority to grant degrees under section 29023, subdivision (a)(3), infra, (hereinafter referred to as (a)(3) of the Education Code[2]).
Beginning on June 30, 1974, University, a private corporation, offered with the approval of the Superintendent certain courses which, are not the subject of this suit. This approval was granted pursuant to section 29025,[3] infra. Approval for these courses expired on June 30, 1975 as the approval under section 29025 lasts for only one year.
On June 13, 1975, University requested by letter that all courses previously approved be granted new approvals. In the same communication University sought approval for three new courses entitled Operating Room Technician Training Course, Respiratory Therapy Technician Training Course and Home Health Aide Training Course.
In June of 1975 the bureau of school approvals, the agency charged with the enforcement of division 21,[4] informed University that based on the fact that its application was incomplete approval could not be granted. No subsequent application from University was received by the bureau. An inspection of University on July 25, 1975, by the bureau of school approvals revealed that University was nonetheless offering the three new courses listed above without the approval of the Superintendent.
The following month plaintiff filed a complaint for injunction. The complaint alleged in substance that University was in violation of section 29025, infra, by offering vocational courses without approval of Superintendent. The complaint contended that vocational courses could not be offered without such approval and prayed for a temporary restraining order, a preliminary injunction, and a permanent injunction “enjoining Windsor from offering any course leading to an educational, vocational or professional objective without the approval of the Superintendent of Public Instruction.”
*330 Three different judges ruled in favor of plaintiff in that a temporary restraining order, a preliminary injunction and permanent injunction were granted. Defendant filed notices of appeal from the orders granting the preliminary and the permanent injunction. Both appeals were consolidated into this appeal.
Argument
Section 29023 (now § 94310) provides in pertinent part: “Except as otherwise provided by law, no . . . corporation may issue, ... an academic or honorary ‘degree’ . .. which signifies ... or is generally taken to signify satisfactory completion of the requirements of an academic, technological, or professional program of study beyond the secondary school level unless such . .. corporation meets the requirement of any one of the three subdivisions (a) of this section.” (Italics added.)
The subdivision applicable here provides in pertinent part: “(a)(3) A corporation which has filed with the Superintendent of Public Instruction an affidavit .. . stating that the corporation owns an interest in real or personal property or both real and personal property used exclusively for the purpose of education, of a fair market value of not less than fifty thousand dollars ($50,000). . . .”
Section 29025 (now § 94312), as pertinent here, provides: “Except as otherwise provided for in this code, no course of education or training leading to an educational, technological, professional or vocational objective shall be offered, and no diploma or honorary degree shall be issued . .. by any . .. corporation . . . which has not been approved by the Superintendent of Public Instruction. Application for such approval shall be made in writing on application forms provided by the Department of Education. Pending final approval of new or added courses of instruction, the Superintendent of Public Instruction may issue a temporary approval upon submission of the complete application. A temporary approval shall be for a period of one year, subject to prior termination or conversion to annual approval basis by the Superintendent of Public Instruction. . . .” (Italics added.) (The statute then continues to describe the types of schools that are authorized to grant degrees.)
University contends that the trial court erred in granting plaintiff’s motion for summary judgment, arguing that it is authorized to issue, without first obtaining Superintendent’s approval, a degree to the *331 students who successfully complete the respiratory therapy technician program of study and the operating room technician program of study under subdivision (a)(3) because they are technological and academic in nature and not vocational.[5] It also argues that respiratory therapy is an emerging profession rather than a vocation. In addition, University maintains that it is authorized to issue a diploma for the home health aide program under section 29023, subdivision (c),[6] since it has been accredited by the Department of Public Health for the State of California to educate home health aides.
Plaintiff asserts that the three courses offered by University have a definite vocational objective and fall within the purview of section 29025. Additionally, plaintiff contends that section 29023, subdivision (c) does not give University the authority to offer its Home Health Aide course.
It is elementary that summary judgment is a drastic measure which deprives the losing party of trial on the merits. It therefore may not be invoked unless it is clear from the affidavits (or declarations) filed in connection with the motion that there are no triable issues of fact. (Code Civ. Proc., § 437c.) Doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (Lacy v. Laurentide Finance Corp., 28 Cal.App.3d 251, 256 [104 Cal.Rptr. 547]; Crescenta Valley Moose Lodge v. Bunt, 8 Cal.App.3d 682, 686 [87 Cal.Rptr. 428]; Rafeiro v. American Employers’ Ins. Co., 5 Cal.App.3d 799, 804 [85 Cal.Rptr. 701].)
Whether certain courses lead to a technological, professional or academic objective or whether they are vocational in nature is a factual question that must be determined in each particular case. In the present case, from the declarations and papers before the court on the motion for summary judgment, it appears that there is a triable issue of fact as to whether the respiratory therapy technician program and the operating room technician program offered by University are vocational or technological and academic in nature. Thus, summaiy judgment may not be granted.
*332 In addition, University contends that although its home health aide program has a vocational objective, it is authorized under section 29023, subdivision (c) (now § 94310,. subd. (c)) to issue a diploma for such a program without seeking the approval of the Superintendent under section 29025. Section 29023 (now § 94310) states in pertinent part: “. .. No . . . corporation may issue . .. any ‘diploma’ . . . unless such corporation meets the requirements of.. . one of the subdivisions . .. (c) of this section. . .. [1] (c) A .. . corporation which is accredited, approved, or licensed by a state board or agency as a school and which issues or confers diplomas in the . .. vocation or occupation controlled by the board or agency accrediting, approving, or licensing if, . . .” (Italics added).
Superintendent, however, asserts that the “it” in the above statute refers not to “a . . . corporation” but to the “profession, vocation, or occupation.”
Where the construction of a statute is necessary, it should be interpreted so as to produce a result that is reasonable; the court must look to the context of the law and, where uncertainty exists, consideration should be given to the consequences that will flow from a particular interpretation. If two constructions are possible, that which leads to the more reasonable result should be adopted. (Ivens v. Simon, 212 Cal.App.2d 177, 181 [27 Cal.Rptr. 801]; see also Alford v. Pierno, 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110]; Vittal v. Long Beach Unified Sch. Dist., 8 Cal.App.3d 112, 120 [87 Cal.Rptr. 319].)
Both Superintendent and University agree that the program offered by University has been approved and accredited by the department of health. However, Superintendent contends that this is not sufficient because the program is not in a licensed vocation. Consequently, it is argued that two elements must be present for recognition: (1) An accreditation of the school by the agency in (2) an occupation licensed by the agency. Thus, it argues that since the home health aides, themselves, are not licensed by the Department of Health,[7] section 29023, subdivision (c) is not applicable.
*333 However, such an interpretation would violate the intent of the statute. When another agency has such a vital interest in an occupation as to be required to “accredit, approve, or license” schools offering courses leading to that occupation, then those schools that are accredited by those agencies having jurisdiction over those occupations should not be required to further review by the Department of Education. It is immaterial under section 29023, subdivision (c) whether or not the individual educated at an accredited school is himself licensed by the state agency. Under section 29023, subdivision (c), the “it” refers to the “. . . corporation [school] which is accredited, approved, or licensed’’’ by the state board. The Legislature, in section 29023, subdivision (c) has used the trio of words, “accredited, approved, or licensed” twice in the same sentence. In the first reference, the Legislature clearly stated it is the “corporation which is accredited, approved, or licensed.” By later repeating this same trio of words in the same sentence, it appears that the Legislature was again referring to the “corporation,” not to the “profession, vocation or occupation.” In addition, it appears that where the Legislature refers to the power the state board or agency has over a particular occupation, the word used is “controlled,” not “licensed.” Thus, where a state board or agency “accredits, approves, or licenses” a corporation to be a school conferring diplomas in the vocation or occupation “controlled” by that agency, the school need not seek approval of Superintendent under section 29025.
The judgment is reversed. The order granting the preliminary injunction is affirmed with respect to the respiratory therapy technician program and the operating room technician program, but is reversed with respect to the home health aide program.
Stephens, J., concurred.

This appeal has been consolidated with appellant’s appeal from the granting of a preliminary injunction.

All references to sections are to the Education Code unless otherwise specifically stated.
The Education Code was reorganized and reenacted by Statutes 1976. chapter 1010, amended by Statutes 1976, chapter 1011. effective April 30, 1977. Education Code section 29023, subdivision (a)(3) became section 94310. subdivision (a)(3).

Currently Education Code section 943 12.

Division 21 has been, in effect, superseded by division 10.

The dissent maintains that all courses must be approved by the Superintendent under section 29025; therefore, it is immaterial whether the respiratory therapy technician or operating room technician programs are academic, technological or professional. Degrees in the designated fields can be awarded under section 29023 without Superintendent’s approval. If a degree can be issued for a course, it follows that the school can first teach the course. Superintendent seems to agree because he states courses are taught without the need of such approval (see fn. 3 of dissent).

Currently section 94310, subdivision (c).

University contends that the department of health does license home health aides.