[No. B006677. Second Dist., Div. Five. Mar. 14, 1985.]

ANTHONY A. McCLOSKEY et al., Plaintiffs and Appellants, v.
CARLTON BUILDERS et al., Defendants and Respondents.

690

**COUNSEL**

Edwin B. Stegman for Plaintiffs and Appellants.

Hagenbaugh & Murphy, David R. Flyer and John Tary for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—In 1977 Anthony and Vera McCloskey (appellants) sued respondents Carlton Builders and others[1] (Carlton) for fraud in connection with the purchase of appellants' residence. (Suit 1.) Several other causes of action, including ones based in negligence and breach of warranty, were dismissed pursuant to Code of Civil Procedure[2] section 337.15.[3] Appellants were awarded $40,000 by a judgment on special verdict. The judgment and the partial dismissal were affirmed on appeal.

On July 7, 1983, appellants sued Carlton for fraud, strict liability, negligence and breach of warranty in connection with the purchase of appel-

---

[1]Appellants sued 13 corporations and 1 partnership, the developers and builders of the residential subdivision in which they live.

[2]All statutory references are to the Code of Civil Procedure.

[3]Section 337.15 provides that actions for damages caused by latent deficiencies in improvements of real property must be brought within 10 years of the completion of the improvement.

lants' residence.[4] (Suit 2.) Carlton was awarded the summary judgment on statute of limitations and res judicata grounds. Appellants' appeal focuses on the fraud cause of action only.

## FACTS

Appellants bought their home in 1964. In July 1965 they noticed "hairline" cracks around the foundation. By 1974 the cracks were one-half inch or more wide, and the foundation slab began to buckle and warp. Severe damage to their home resulted. At the prior trial it was established that the damage was caused by separation of the slab from its footings due to the interaction of water and expansive soil. The jury found that Carlton had with fraudulent intent concealed from appellants that the house was built on expansive soil.

## DISCUSSION

Appellants urge an application of the rule of *Bellman* v. *County of Contra Costa* (1960) 54 Cal.2d 363 [5 Cal.Rptr. 692, 353 P.2d 300], to fraud cases. *Bellman* was an action for inverse condemnation based on earth slippages. *Bellman* held that a new cause of action arises with each new subsidence of land that results from the destruction of lateral and subjacent support. Additionally, the applicable statutes of limitation run separately with each separate subsidence. (54 Cal.2d at p. 369.) Appellants contend that under *Bellman* they may sue Carlton for new damages to their house caused by earth movements that occurred within the statutory limitation period for fraud causes of action, three years, of the filing of suit 2. This contention is without merit. Appellants do not state a cause of action for "destruction of the lateral support" of their home. (*Bellman* v. *County of Contra Costa, supra,* 54 Cal.2d at p. 369.) Rather, they are suing for injury caused by latent deficiencies in the construction of their home. The Legislature has expressly limited the time for bringing suit for injuries due to latent defects by virtue of section 337.15. While fraudulent concealment actions are exceptions to the 10-year limit of section 337.15, it is clear that injuries for latent deficiencies in construction are not viewed as continuing in the sense of injuries from subsidence caused by lateral support constructions.

In addition, *Bellman* has never been applied to allow plaintiff to sue defendant a second time for the same wrong. In both suit 1 and suit 2 appellants allege that Carlton's fraudulent concealment induced them to purchase

---

[4]The July 7, 1983, pleading is the second amended complaint. Suit 2 was first filed in June 1980.

their home. In paragraph 21 of the second amended complaint in suit 1 appellants alleged: "[T]he exact amount of damages which the plaintiffs have suffered by reason of said movement is presently unknown to plaintiffs since the same is continuing. Plaintiffs allege that they have information and belief, and upon such information and belief, allege that the amount of damages which they have and will suffer in the future will be and is in excess of Fifty-Five Thousand Dollars ($55,000.00) and plaintiffs request leave to amend this complaint at the time of trial to conform with the damages as may then be ascertained." The unpublished appellate court opinion in suit 1, included in the record, reveals that appellants' expert testified that the cost of repairing the home was escalating due to inflation, and that at the time of trial would be about $40,000 to $41,000. Appellants apparently did not properly consider that even if they won Carlton would have the right to appeal, and the effect of exercising that right would be a stay of the judgment. (§ 916.) They would not be and were not paid until the appellate judgment became final. They argue that because the appellate process deprived them of the funds to repair their home, they suffered new damage and argue that this new damage gives rise to a new cause of action. But appellants have not shown new damages arising out of fraudulent inducement; they allege damages arising out of their failure to seek the appropriate remedy in suit 1. Their lack of foresight does not entitle appellants to sue Carlton again based on the same cause of action. If a remedy in damages is insufficient, plaintiffs are entitled to seek an equitable remedy, i.e., injunction. But "[w]hatever [their] ground of recovery might be for this single wrong [they were] bound to frame [their] complaint in the *prior action* so as to avail [themselves] of whatever relief the controlling set of facts would warrant . . . ." (*Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 895 [151 P.2d 846]; italics in original.) They were not, within the last three years before filing suit 2, reinduced by Carlton to purchase the house. They allege a single transaction—the inducement—giving rise to a single cause of action—fraudulent concealment—in violation of a single primary right—to be free from fraudulent concealment in the purchase of their home. (See *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593].) It would be error to apply the *Bellman* rule to these facts, and we do not do so. The statute of limitations for fraud, section 338, subdivision 4, and for injury to real property, section 338, subdivision 2, bar suit 2.[5] Because suit 2 is not within the *Bellman* exception, there is no question of fact with respect to whether a new cause of action arose. (See *Avner* v. *Longridge Estates* (1969) 272 Cal.App.2d 607, 617 [77 Cal.Rptr. 633].) Suit 2 was properly disposed of by summary judgment.

Appellants also contend that if each new damage to their home caused by the expanding soil is a new cause of action, res judicata does not bar suit

---

[5]Both types of actions must be brought within three years.

2. Having determined that appellants have stated no new cause of action, it is clear that the injuries alleged in suit 2 were compensated by the judgment and award of suit 1. Suit 2 is barred by the doctrine of res judicata. (See *In re Crow* (1971) 4 Cal.3d 613, 622-623 [94 Cal.Rptr. 254, 483 P.2d 1206]; *Wulfjen* v. *Dolton, supra,* 24 Cal.2d 891.)

Appellants' final attack on the summary judgment is specious. They argue that the fraud cause of action in suit 2 is not barred by the statute of limitations because they did not discover Carlton's fraudulent concealment until December 1979. We wonder how appellants can seriously raise this contention in light of the judgment in suit 1, entered in February 1980. They base their argument on the fact that in December 1979 they found a document proving that Carlton had actual prior knowledge of the expansive nature of the soil. But appellants confuse discovery of a cause of action with the discovery of the evidence to prove it. (See *Dillashaw* v. *Ayerst Laboratories, Inc.* (1983) 141 Cal.App.3d 35, 40 [190 Cal.Rptr. 68].) Not only did appellants have a reasonable suspicion of fraud, which starts the statute of limitations running (*Bedolla* v. *Logan & Frazer* (1975) 52 Cal.App.3d 118, 130 [125 Cal.Rptr. 59]), they *proved* in suit 1 that Carlton fraudulently concealed the nature of the soil. Suit 2 is barred both by the running of the statute of limitations and by res judicata.

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied April 11, 1985.